UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BENJAMIN WAYNE MCCOIN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-10-389 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF TRANSFER

This is a habeas action filed pursuant to 28 U.S.C. § 2254. Petitioner is being held at the McConnell Unit, which is located in Beeville, Texas.

Petitioner is challenging his conviction and sentence in state court in Red River County, Texas for attempted murder with an explosive device. (D.E. 1, 13). In Ground One, he is alleging judicial bias. (D.E. 13, at 20). In Ground Two, he asserts that his conviction violated the Interstate Detainer Act. Id. at 5-6. In Ground Three, he claims that the statute of limitations has passed and that he was denied his right to a speedy trial. Id. at 7-8. In Ground Four, he asserts that he was denied due process based on the introduction of perjured testimony. Id. at 8. He also claims that he was denied his Sixth Amendment right to effective assistance of counsel. (D.E. 13-1, at 3, 13). He asserts that he was denied exculpatory evidence. Id. at 4. He claims that the indictment was void and thus his constitutional rights were denied. Id. at 5, 8. He asserts that there was a double jeopardy violation related to his conviction because he had already been prosecuted for it. Id. at 11. He asserts that his Fourteenth Amendment rights were violated. Id. at 7, 9, 14.

A habeas action may be filed either in the district where petitioner is in custody, or in the district in which petitioner was convicted. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235

F.3d 959, 960-61 (5th Cir. 2000). Within the context of § 2241(d), courts have traditionally held that the most appropriate venue for challenges to the legality of a conviction is in the district court for the district where the State conviction and sentence occurred, while challenges to the implementation of the sentence, such as prison disciplinary matters, should be considered in the district court for the district where such person is in custody. Story v. Collins, 920 F.2d 1247, 1250-51 (5th Cir. 1991). The Fifth Circuit explained the basis for choice of venue as follows:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses.... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).

Petitioner was convicted and sentenced by a state court in Red River County, Texas, which is in the Texarkana Division of the Eastern District of Texas. See 28 U.S.C. § 124(c)(5). A district court for the district wherein an application for habeas corpus has been filed may, in its discretion and in the furtherance of justice, transfer the petition to a more appropriate district for disposition. See 28 U.S.C. § 2241(d). Should an evidentiary hearing ever be necessary in this case, the evidence and any witnesses concerning the petitioner's criminal proceedings are more likely to be found in the county where his conviction was entered.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Eastern District of Texas, Texarkana Division.

SIGNED and ORDERED this 10th day of February, 2011.

_____
Janis Graham Jack
United States District Judge